UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT P. THOMAS,

        Plaintiff,

v.                                                Civil Case No. 15-10210
                                                  Honorable Linda V. Parker

BRIGGS ET AL.,

        Defendants.
_____/

**OPINION AND ORDER DENYING (1) DEFENDANTS' MOTION TO DISMISS [ECF NO. 17] AND (2) DEFENDANTS' MOTION FOR PROTECTIVE ORDER AND/OR FOR SECURITY FOR COSTS AND FEES [ECF NO. 17]**

**I.    INTRODUCTION**

Plaintiff Robert P. Thomas ("Plaintiff") filed this lawsuit against Defendants Lori A. Briggs ("Defendant Briggs") and Melissa Borden ("Defendant Borden") (collectively "Defendants") stemming from the alleged unlawful possession of Plaintiff's two dogs. (ECF No. 1 ¶¶ 3,4.) Plaintiff filed his complaint on January 20, 2015, alleging that Defendants violated his civil rights under the Fourth Amendment and Fourteenth Amendment pursuant to 42 U.S.C. § 1983 and state law claims for conversion and replevin. (*Id.*) On September 6, 2015, Defendants filed a motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and in the alternative, a motion for a protective order and/or security for costs and fees. (ECF No. 17.)

1

Presently before the Court is Defendants' motion to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and in the alternative, motion for a protective order and/or for security for costs and fees. (ECF No. 19.)  Finding the facts and legal arguments sufficiently presented in the parties' briefs, the Court dispensed with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f) on January 7, 2016.  For the reasons that follow, the Court is denying Defendants' motion to dismiss for failure to state a claim and denying without prejudice Defendant's motion for a protective order.

## II.   BACKGROUND

This dispute surrounds the ownership of two dogs.  Plaintiff alleges that he is the owner of Swimmer and her offspring, Katrina.  (ECF No. 1 ¶ 10.)  On October 8, 2014, Defendant Briggs, a Detroit police officer employed by the Evidence Technician Unit, captured Swimmer and Katrina by "luring them from [the] property where they had a right to be [on]." (*Id.* ¶¶ 11, 16.)  Defendant Briggs then transported the dogs to Defendant Borden, the owner of an animal rescue, rehabilitation, and adoption facility located in Newport, Michigan.  (*Id.* ¶¶ 14, 28.)  Defendant Borden brought the dogs to her facility, The Devoted Barn, a nonprofit shelter located in Monroe County, Michigan.  (*Id.* ¶¶ 28, 29.)

Plaintiff alleges that Defendant Briggs had no authority to seize his dogs from his property.  Plaintiff's complaint states that Defendant Briggs is not

2

affiliated with the Detroit Animal Control Center, nor seized the dog in connection with any case in her capacity as a police officer. (*Id.* ¶¶ 19-21.)

Plaintiff further alleges that Defendant Borden has conspired with Defendant Briggs over the seizure of his dogs. (*Id.* ¶ 72.) As of the filing of the complaint, Defendant Borden has continued to exercise dominion over Plaintiff's dogs. (*Id.* ¶ 36.)

### III.   MOTION TO DISMISS

**A. Legal Standard**

Since the motion was filed after the answer, the Court evaluates this motion under Federal Rule of Civil Procedure 12(c) instead of Rule 12(b)(6). *See, e.g., McGlone v. Bell*, 681 F.3d 718, 728 n.2 (6th Cir. 2012) ("Defendants filed an untimely motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), as it was filed after Defendants' Answer. The district court, using its discretion to address substance over form, treated Defendants' motion to dismiss as a 12(c) motion for judgment on the pleadings."); *Dunn–Mason v. JP Morgan Chase Bank Nat. Ass'n*, No. 11–CV–13419, 2013 WL 4084676, at *3 (E.D. Mich. Aug. 13, 2013); *Williams v. State Farm Ins. Co.*, 781 F.Supp.2d 519, 522 (E.D. Mich. 2011) (further citations omitted). However, the standard of review for a motion for judgment on the pleadings for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(c) is the same as that which

3

should be undertaken when evaluating a motion brought pursuant to Rule 12(b)(6). *Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir. 2010); *Kottmyer v. Maas*, 436 F.3d 684, 689 (6th Cir. 2006).

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests whether a legally sufficient claim has been pleaded in a complaint, and provides for dismissal when a plaintiff fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 555, 570, 127 S. Ct. 1955, 1974 (2007)). A claim is facially plausible when a plaintiff pleads factual content that permits a court to reasonably infer that the defendant is liable for the alleged misconduct. *Id.* (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965). This plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965.

When assessing whether a plaintiff has set forth a "plausible" claim, the district court must accept all of the complaint's factual allegations as true. *Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 512 (6th Cir. 2001). Even so, "the pleading

4

must contain more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555, 570, 127 S. Ct. at 1965. A plaintiff has the duty to provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." *Id.* Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965).

Compared to formal pleadings drafted by lawyers, a generally less stringent standard is applied when construing the allegations pleaded in a pro se complaint. *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S. Ct. 594, 596 (1972). Even so, pro se plaintiffs must still provide more than bare assertions of legal conclusions. *Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citing S*cheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)).

**B. Analysis**

Defendants argue that Plaintiff has failed to establish that he has ownership of either dog pursuant to the Michigan Dog Law of 1919 ("Michigan Dog Law") or Section 6-1-1 of the City of Detroit Code of Ordinances ("Section 6-1-1"). (ECF No. 17 ¶¶ 4, 5.) However, on a motion to dismiss, Plaintiff does not bear the burden of establishing that he has ownership pursuant to either statute. Plaintiff need only provide factual allegations that demonstrate he is the owner of the dogs

at the motion to dismiss stage. Plaintiff states sufficient factual allegations in the complaint for establishing ownership. (ECF No. 1 ¶ 10 ("Plaintiff is the owner of a shepherd-mix dog named Swimmer, born in August 2008, and her offspring, Katrina, born in July 2013").) The burden rests with Defendants to establish that Plaintiff has failed to state a claim based on the facts alleged in the complaint.

Defendants fail to cite *any* case law stating that a party lacks property interest if they are not in compliance with the Michigan Dog Law or Section 6-1-1. Rather, Defendants' brief is limited to addressing facts that are not presented in Plaintiff's complaint.

This Court is required to accept Plaintiff's allegations as true. *Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d at 512. Further, this Court is required to construe Plaintiff's allegations liberally due to his pro se status. *Haines*, 404 U.S. at 520-21. Therefore, Defendants' motion to dismiss is denied.

## IV.    MOTION FOR PROTECTIVE ORDER

### A. Legal Standard

Federal Rule of Civil Procedure 26(c) provides that a "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense…" Fed.R.Civ.P. 26(c)(1). "The burden of establishing good cause for a protective order rests with the movant." *Nix v. Sword*, 11 Fed. Appx. 498, 500 (6th Cir. May 24, 2011) (citing *General Dynamics*

*Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1212 (8th Cir. 1973)). "To show good cause, a movant for a protective order must articulate specific facts showing 'clearly defined and serious injury' resulting from the discovery sought and cannot rely on mere conclusory statements." *Id.* (citing *Avirgan v. Hull*, 118 F.R.D. 252, 254 (D.D.C. 1987)).

### B. Analysis

First, the Court notes that Defendants failed to adhere to this Court's Practice Guidelines in filing this motion. The guidelines state that "[n]o discovery motion may be filed before the Court is contacted." Defendants should have contacted the Court's Case Manager to schedule a conference call to determine whether the discovery issue warranted a motion being filed.

Defendants' motion requests that the court broadly strike Plaintiff's subpoenas duces tecum, interrogatories, and requests for production. (ECF No. 17 ¶¶ 5-8.) Defendants' general objections fail to provide sufficient specifics for the court to evaluate in determining whether "good cause" has been established.

Further, Defendants ask the court to strike discovery requests sent to third parties. (*Id.* ¶ 7, 8.) The Court finds that Defendants lack standing to object to discovery requests sent to a third party. "A party generally lacks standing to challenge a subpoena directed to a non-party unless it claims a privilege or demonstrates a personal interest." *Sys. Prods. & Solutions, Inc. v. Scramlin*, No.

7

13-CV-14947, 2014 WL 3894385, at *7) (E.D. Mich. Aug. 8, 2014) (citing *Underwood v. Riverview of Ann Arbor*, No. 08-CV-11024-DT, 2008 WL 5235992, at *1 (E.D. Mich. Dec. 15, 2008); *see also Mann v. Univ. of Cincinnati*, 114 F.3d 1188 (Table), at *4 (noting that a party generally does not have standing to contest third-party subpoena unless the party claims a personal right).

## V.    SECURITY FOR COSTS AND FEES

In the motion for protective order, Defendants request the court to order Plaintiff to post a security bond for costs and attorney fees if the motion is denied. (ECF No. 17 ¶ 9.)  The Supreme Court has recognized the authority of district courts to take action to prevent abuse of the judicial system. *Chambers v. NASCO Inc.*, 501 U.S. 32, 43-44 (1991).  This court has recognized that "in the interest of justice and in the exercise of its inherent discretion…the ordering of security for costs" can be justified. *State Wide Enters., Inc. v. U.S. Gypsum Co.*, 238 F.Supp. 604, 606 (E.D. Mich. 1965); *see also Anderson v. Steers, Sullivan, McNamar & Rogers*, 998 F.2d 495, 496 ("So if there is reason to believe that the prevailing party will find it difficult to collect its costs, the court can require the posting of a suitable bond.").

Again, Defendants fail to provide any case law to support their request that Plaintiff post a security bond.  Defendants also do not provide the court with any

8

factual allegations to suggest that Plaintiff will be unable to pay costs and attorney fees.[1] Therefore, the request to require Plaintiff to post a security bond is denied.

## VI.    CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Dismiss Plaintiff's Complaint (ECF No. 17) is **DENIED**;

**IT IS FURTHER ORDERED** that Defendant's Motion for a Protective Order and/or for Security for Costs and Fees (ECF No. 17) is **DENIED WITHOUT PREJUDICE**.

                                                s/ Linda V. Parker
                                                LINDA V. PARKER
                                                U.S. DISTRICT JUDGE

Dated: September 28, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, September 28, 2016, by electronic and/or U.S. First Class mail.

                                                s/ Richard Loury
                                                Case Manager

---

[1] The Court notes that Plaintiff filed his filing fee in this action.