UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT P. THOMAS,

        Plaintiff,

v.

                                     Civil Case No. 15-10210
                                     Honorable Linda V. Parker

LORI A. BRIGGS, *et al.*,

        Defendants.
_____/

**<u>OPINION AND ORDER DENYING PLAINTIFF'S 12(c) MOTION
FOR JUDGMENT ON THE PLEADINGS [ECF NO. 35]</u>**

**I.    INTRODUCTION**

Plaintiff Robert P. Thomas ("Plaintiff") filed this lawsuit against Defendants Lori A. Briggs ("Defendant Briggs") and Melissa Borden ("Defendant Borden") (collectively "Defendants") stemming from the alleged unlawful seizure and possession of Plaintiff's two dogs. (ECF No. 1 ¶¶ 3,4.) Plaintiff filed his complaint on January 20, 2015, alleging Defendants violated his civil rights under the Fourth and Fourteenth Amendments pursuant to 42 U.S.C. § 1983 and state law claims for conversion and replevin. (*Id.*)

Presently before the Court is Plaintiff's motion for judgment on the pleadings filed pursuant to Federal Rule of Civil Procedure 12(c). (ECF No. 35.) For the reasons that follow, the Court denies Plaintiff's motion for judgment on the pleadings.

1

## II. BACKGROUND

This dispute surrounds the ownership of two dogs. Plaintiff alleges that he is the owner of Swimmer and her offspring, Katrina. (ECF No. 1 ¶ 10.) On October 8, 2014, Defendant Briggs, a Detroit police officer employed by the Evidence Technician Unit, captured Swimmer and Katrina by "luring them from [the] property where they had a right to be." (*Id.* ¶¶ 11, 16.) Defendant Briggs then transported the dogs to Defendant Borden, the owner of an animal rescue, rehabilitation, and adoption facility located in Newport, Michigan. (*Id.* ¶¶ 14, 28.) Defendant Borden brought the dogs to her facility, the Devoted Barn, a nonprofit shelter located in Monroe County, Michigan. (*Id.* ¶¶ 28, 29.)

Plaintiff alleges Defendant Briggs had no authority to seize his dogs from his property. Plaintiff's complaint states Defendant Briggs is not affiliated with the Detroit Animal Control Center and did not seize the dogs in connection with any case in her capacity as a police officer. (*Id.* ¶¶ 19-21.)

Plaintiff further alleges that Defendant Borden has conspired with Defendant Briggs over the seizure of his dogs. (*Id.* ¶ 72.) As of the filing of the complaint, Defendant Borden has continued to exercise dominion over Plaintiff's dogs. (*Id.* ¶ 36.) On September 6, 2015, Defendants filed a motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and in the alternative, a

motion for a protective order and/or security for costs and fees.  (ECF No. 17.) This Court denied Defendants' motion on September 28, 2016.  (ECF No. 24.)

### III. STANDARD OF REVIEW

A motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is subject to the same standards of review as a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998).  A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the pleading.  *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996).  Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  To survive a motion to dismiss, a pleading need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action . . . ."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A pleading does not "suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557).

As the Supreme Court provided in *Iqbal* and *Twombly*, "[t]o survive a motion to dismiss, a [pleading] must contain sufficient factual matter, accepted as true, to 'state a claim of relief that is plausible on its face.' " *Id*. (quoting *Twombly*,

3

550 U.S. at 570). "A claim has facial plausibility when [it contains] factual content that allows the court to draw the reasonable inference that [a party] is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556.

When assessing a "plausible" claim, the district court must accept all of the factual allegations as true. *Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 512 (6th Cir. 2001). Even so, "the pleading must contain more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555, 570, 127 S. Ct. at 1965. Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965).

## IV.   APPLICABLE LAW & ANALYSIS

Plaintiff argues that Defendants were acting under color of state law when they seized Plaintiff's two dogs in violation of the Fourth and Fourteenth Amendment. (ECF No. 35 at Pg ID 458.) Plaintiff alleges Defendant Briggs was acting under the color of state law pursuant to her authority as a Detroit police officer. (*Id.* at Pg ID 460.) Additionally, Plaintiff contends that Defendant

4

Borden, although a private actor, was acting under the color of state law when she "willfully participate[d] in joint action with" Defendant Briggs and took unlawful possession of Plaintiff's dogs. (*Id.* at Pg ID 458-59.) Plaintiff argues he is entitled to judgment pursuant to Rule 12(c) because Defendants failed to "plead any factual matter in their Answer that would, taken as true for the purposes of Rule 12(c), give them any property rights in the two dogs . . . ." (*Id*. at Pg ID 475.)

In response, Defendants argue that Plaintiff's request should be denied because "Plaintiff confuses this Court's earlier ruling denying Defendants' Motion to Dismiss with establishing, as fact, that he has the ownership interest he claims." (ECF No. 37 at Pg ID 526.) Defendants argue that their responsive pleading "contains numerous statements denying the elements necessary to prove Plaintiff's claims, all of which must be accepted as true for the purposes of this Motion." (*Id*.)

Defendants are correct that Plaintiff misconstrued the Court's September 28, 2016 Order and Opinion to suggest that Plaintiff has proven he is the lawful owner of the two dogs. Contrary to Plaintiff's assertion, the Court found that Plaintiff had pleaded "sufficient factual allegations in the complaint establishing ownership" to survive a motion to dismiss. (ECF No. 24.) Nothing in the Court's September 28, 2016 Order and Opinion suggest that Plaintiff has met its burden and proven that he is, in fact, the actual owner of the two dogs.

5

Applying the same standard for the instant motion, the Court finds that Defendants have pleaded sufficient factual allegations to establish they were not acting under the color of state law when they allegedly seized Plaintiff's two dogs and, therefore, did not violate Plaintiff's Fourth Amendment rights. (ECF No. 4 at Pg ID 38.) In their Answer, Defendants state "Defendant Briggs admits that she is employed by the City of Detroit Police Department . . . [and] she engages in efforts to rescue stray dogs and cats." (*Id*. at Pg ID 39.) However, although Defendant Briggs admits she rescues stray dogs and cats, she denies that such rescue efforts are done in connection with her job as a Detroit police officer. (*Id*. at Pg ID 41.)

"For purposes of a Rule 12(c) motion, all well-pleaded material allegations must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *Stafford v. Jewelers Mut. Ins. Co*., 554 F. App'x 360, 370 (6th Cir. 2014) (internal citation and quotations omitted). Moreover, "[a] Rule 12(c) motion is appropriately granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *Id.* There is a factual dispute as to whether Plaintiff is the actual owner of the two dogs. Plaintiff has not presented the Court with any unrebutted evidence that he is the lawful owner of the dog. Furthermore, there is a factual dispute as to whether Defendant Briggs was acting under her authority as a Detroit Police officer when she seized the two dogs and transferred possession to Defendant

Borden.  Again, Plaintiff has not offered any evidence that Defendant Briggs was acting under the color of state law in her capacity as a Detroit Police officer when she allegedly seized Plaintiff's two dogs.  Nothing in the pleadings permits the Court to find, as a matter of law, that Plaintiff is entitled to judgment on his § 1983 claim.

Therefore, Plaintiff's motion is denied.

## V.   CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion under Rule 12(c) for Judgment on the Pleadings (ECF No. 35) is **DENIED**;

**IT IS SO ORDERED**.


Dated:  January 19, 2018         s/Linda V. Parker
                                 U.S. District Court Judge

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 19, 2018, by electronic and/or ordinary mail.

                    s/Julie Owens acting in the Absence of Richard Loury
                    Case Manager