UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT P. THOMAS,

    Plaintiff,

v.

    Civil Case No. 15-10210
    Honorable Linda V. Parker

LORI A. BRIGGS, *et al.*,

    Defendants.

_____/

**<u>OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S OPINION AND ORDER DENYING PLAINTIFF'S 12(c) MOTION FOR JUDGMENT ON THE PLEADINGS [ECF NO. 43]</u>**

Plaintiff Robert P. Thomas ("Plaintiff") filed this lawsuit against Defendants Lori A. Briggs ("Defendant Briggs") and Melissa Borden ("Defendant Borden") (collectively "Defendants") stemming from the alleged unlawful seizure and possession of Plaintiff's two dogs. (ECF No. 1 ¶¶ 3,4.) Plaintiff filed his complaint on January 20, 2015, alleging Defendants violated his civil rights under the Fourth and Fourteenth Amendments pursuant to 42 U.S.C. § 1983 and state law claims for conversion and replevin. (*Id.*)

In an Opinion and Order entered on January 19, 2018, this Court denied Plaintiff's Rule 12(c) motion for judgment on the pleadings. (ECF No. 40.) In that decision, the Court found that for purposes of a Rule 12(c) motion, Defendants had sufficiently denied Plaintiff's allegation that they were acting under the color of

state law when they seized the two dogs.  Presently before the Court is Plaintiff's Motion for Reconsideration, filed on February 7, 2018.  (ECF No. 43.)  With the Court's permission, Defendants filed a response on February 22, 2018, and Plaintiff filed a reply on March 30, 2018.  (ECF Nos. 48 & 54.)

## I. Applicable Standards

Local Rule 7.1 provides the following standard for motions for reconsideration:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. LR 7.1(h)(3).  Palpable defects are those which are "obvious, clear, unmistakable, manifest or plain." *Mich. Dep't of Treasury v. Michalec*, 181 F. Supp. 2d 731, 734 (E.D. Mich. 2002).  "It is an exception to the norm for the Court to grant a motion for reconsideration." *Maiberger v. City of Livonia*, 724 F. Supp. 2d 759, 780 (E.D. Mich. 2010).

"[A] motion for reconsideration is not properly used as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier but were not." *Smith ex rel. Smith v. Mount Pleasant Pub. Sch.*, 298 F. Supp. 2d 636, 637 (E.D. Mich. 2003) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*,

2

146 F.3d 367, 374 (6th Cir.1998)). "A motion for reconsideration 'addresses only factual and legal matters that the court may have overlooked. . . .' It is improper on a motion for reconsideration to 'ask the court to rethink what [it] had already thought through—rightly or wrongly.'" *Carter v. Robinson*, 211 F.R.D. 549, 550 (E.D. Mich. 2003) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va 1983). Therefore, a motion that merely presents the same issues already ruled upon by the Court shall not be granted. *See Smith ex rel. Smith*, 298 F. Supp. 2d at 637.

## II. Analysis

Plaintiff argues that the Court committed three errors when deciding his motion. First, Plaintiff contends the Court applied the incorrect standard for deciding a Rule 12(c) motion. Next, Plaintiff argues that the Court failed to recognize § 1983 jurisprudence and decide whether Defendants were acting under the color of state law. Finally, Plaintiff contends that the Court failed to both analyze whether Defendant Briggs was a "state actor" and to apply the Detroit Code.

Addressing Plaintiff's first argument, the Court finds the argument meritless. The Court cited to *Twombly* in its decision, stating "a pleading need not contain 'detailed factual allegations,' but it must contain more than 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action . . . .'"

3

(ECF No. 40 at Pg ID 554.)  Although Plaintiff would have preferred the Court to state specifically "the court need not accept as true legal conclusions or unwarranted factual inferences," the Court's standard sufficiently captured Plaintiff's statement as well as the *Twombly* standard.

Further, Plaintiff argues that the Court should have determined whether Defendants were acting under the color of state law.  Although the Court agrees with Plaintiff's reference to *Neuens v. City of Columbus*, 303 F.3d 667, 670 (6th Cir. 2002), that case is inapplicable here.  *Neuens* dealt with a motion for summary judgment, which is a completely different standard for a Rule 12(c) motion.  As the Court stated in its January 19, 2018 Opinion and Order, a Rule 12(c) motion is subject to the same standard as a Rule 12(b)(6) motion, which looks at the legal *sufficiency* of the pleading.  *See, e.g.*, *Loggins v. Franklin County*, No. 02-cv-964, 2005 U.S. Dist. LEXIS 35657, at *29-30 (July 20, 2005) ("When previously addressing the Fed. R. Civ. P. 12(c) motion, the Court had to accept Loggins' factual allegations as true. This included the representation that there was a policy or custom involved in this case. . .  In the summary judgment context, however, the Court need not and can not accept the existence of an underlying policy or custom based on an unsupported allegation, but must require evidence to support such a contention."), *aff'd*, 2007 U.S. App. LEXIS 5614 (6th Cir.); *Reardon v. Midland Cmty. Schs*, 814 F. Supp. 2d 754, 759  (E.D. Mich. Sept. 2, 2011) ("Under Rule

56(a), the Court is obligated to construe facts in the Plaintiff's favor only if there is a genuine dispute as to what occurred, and there is no obligation to assume the well-pleaded allegations in Plaintiff's complaint are true.").

More importantly, even if the Court were to find that Defendants were acting under the color of state law, there is no evidence before the Court that establishes, as a matter of law, that Plaintiff is the legal owner of the dogs. Because the Court was not required to determine whether Defendants were acting under the color of state law under a Rule 12(c) motion, the Court will not address Plaintiff's third basis for error, which addresses the analysis for a state actor.

In short, Plaintiff fails to demonstrate a palpable defect in this January 19, 2018 decision, the correction of which results in a different disposition of Plaintiff's claims.

### III. Conclusion

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for reconsideration (ECF No. 43) is **DENIED**.

**IT IS SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: April 30, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, April 30, 2018, by electronic and/or U.S. First Class mail.

                                                    s/ R. Loury
                                                    Case Manager