UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT P. THOMAS,

    Plaintiff,

v.

    Civil Case No. 15-10210
    Hon. Linda V. Parker
    Mag. Elizabeth A. Stafford

LORI A. BRIGGS and
MELISSA BORDEN,

    Defendants.
_____/

# OPINION AND ORDER GRANTING, IN PART, AND DENYING, IN PART PLAINTIFF'S MOTION IN LIMINE (ECF NO. 58.)

Plaintiff filed this lawsuit, proceeding *pro se,* against Lori A. Briggs and Melissa Borden on January 20, 2015, asserting civil rights violations under 42 U.S.C. § 1983 and other state law claims. (ECF No. 1.) Plaintiff's claims arise from his alleged deprivation of ownership interest in two dogs that were seized, under color of state law, by the Defendants. (*Id.*) Plaintiff has filed the instant motion in limine requesting the admission of the genuineness, authenticity, accuracy and truthfulness of 12 documents. (ECF No. 58.) The matter has been fully briefed. (ECF Nos. 58, 59 & 62.) Also, the matter is scheduled for trial before District Judge Linda V. Parker on October 29, 2018.

## I. Introduction

Plaintiff's motion in limine seeks the admission of the genuineness, authenticity, accuracy and truthfulness of 12 documents—four Michigan Humane Society ("MHS") documents, seven Oakland County documents and one City of Detroit document—related to Defendant Briggs' application for employment with MHS and the Oakland County Animal Control. (ECF No. 58 at Pg ID 785.) Plaintiff claims that on December 1, 2016, he served Defendant Briggs with Requests for Admission under Rule 36(a), requesting that she admit the 12 documents at issue are "genuine, authentic, true and accurate." (*Id*. at 786.) Defendant Briggs responded by objecting that: (1) the documents are not relevant and, therefore, not within the scope of Fed. R. Civ. Pro. 26(b)(1), and (2) the language of Rule 36(a) only permits a party to request the admission of the "genuineness" of a document. (*Id*. at 786-87.)

## II. Applicable Law & Analysis

Rule 26(a) states, in relevant part: "parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . . Information within this scope of discovery need not be admissible in evidence to be discoverable." Also, Rule 36(a) states, in relevant part: "a matter is admitted unless . . . the party to whom the request is directed serves . . . a written answer or objection. . . . [T]he requesting party may move to determine the sufficiency of an

answer or objection. . . . On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served."

As a preliminary matter, the Court notes that the 12 documents at issue, although having been obtained through discovery, have not been deemed relevant or admissible into evidence. *See* Fed. R. Civ. Pro. 26(a). The present issue is whether the 12 documents are deemed admitted as "genuine, authentic, true and accurate." Pursuant to Rule 36(a), Defendant Briggs served a written answer containing objections to Plaintiff's Requests. Believing the answer to be insufficient, Plaintiff's proper course of action should have been to move the Court to determine the sufficiency of Defendant's answers. Since Defendant Briggs did in fact serve an answer upon Plaintiff, the Court does not find that Plaintiff's requested admissions should be or will be deemed admitted.

Pursuant to Rule 36(a), the Court may determine the sufficiency of Defendant's answer at any time before trial. Therefore, the Court will address this issue now. Defendant Briggs objected to Plaintiff's Requests to admit the documents at issue were "genuine, authentic, true and accurate" on the grounds that the language of Rule 36(a) only permits a party to request the admission of a document's "genuineness."

Defendant Briggs could have denied the authenticity, truthfulness and accuracy of the documents while at the same time admitting their genuineness. Thus, the Court directs Defendant Briggs to amend its answer; specifically, the Court directs Defendant Briggs to admit or deny the genuineness of the documents at issue. The Court's holding does not decide whether the documents are admissible into evidence—this question will be reserved for a later time, upon motion by either party. Rather, this holding pertains solely to the insufficiency of Defendant's objections and the Court's directed relief therefrom.

**III. Conclusion**

Accordingly,

**IT IS ORDERED** that Plaintiff's motion in limine (ECF No. 58) is **GRANTED, IN PART, AND DENIED, IN PART** in accordance with the Court's ruling.

**IT IS SO ORDERED.**

s/ Linda V. Parker  
LINDA V. PARKER  
U.S. DISTRICT JUDGE

Dated: October 15, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, October 15, 2018, by electronic and/or U.S. First Class mail.

s/ R. Loury  
Case Manager